RYAN, Judge,
with whom BAKER, Judge, joins (concurring):
The majority is correct: the testimony of Dr. Wallace regarding the remote likelihood and uncertain consequences of transmission of the Human Immunodeficiency Virus (HIV) by Appellant did not raise matters inconsistent with Appellant’s guilty plea under our current case law. See United States v. Weatherspoon, 49 M.J. 209, 211 (C.A.A.F. 1998). I write separately on a point that Appellant chose to admit, rather than litigate at trial, and which is thus unnecessary for the majority opinion to address. In my view, as a matter of first impression, it would not appear that the statutory element — “means or force likely to produce death or grievous bodily harm” — should be satisfied where the record shows that the likelihood of death or grievous bodily harm from a particular means is statistically remote. See Article 128(b)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928(b)(1) (2000).
In this case, Dr. Wallace explained that Appellant’s low viral load was “below the limits of what current testing methodologies can detect.” Based on the low viral load, Dr. Wallace asserted that the probability of Appellant’s transmission of HIV through unprotected sex was approximately 1 in 10,000. He further explained that if Appellant used a condom, the chance of transmission would diminish to 1 in 50,000.
The majority succinctly and correctly sums up the extant law: ‘Where the magnitude of the harm is great, there may be an aggravated assault, even though the risk of harm is statistically low.” Weatherspoon, 49 M.J. at 211. No one questions the magnitude of the harm from Acquired Immune Deficiency Syndrome (AIDS) if it occurs.
This test gives me pause. Common sense seems to dictate that an event is not “likely” for purposes of Article 128(b)(1), UCMJ, regardless of the harm involved, if there is only a 1 in 50,000 chance of that event occurring. And Weatherspoon does not state that because the magnitude of the harm from AIDS is great, the risk of harm does not matter.[1] On the contrary, it necessarily implies that there is a point where the statistical risk of harm is so low that the statutory standard of “likely to produce death or grievous bodily harm” is not satisfied. See Article 128(b)(1), UCMJ.
Where the floor and ceiling of statistical sufficiency are I do not claim to know. But at a minimum I have grave doubts that the statutory element should be deemed satisfied where the statistical probability of the conse *241 quence of an act is so low as to approach being no “more than merely a fanciful, speculative, or remote possibility.” Weather spoon, 49 M.J. at 211.
Appellant pleaded guilty to the instant offenses, but I am open to revisiting this issue in an appropriate case.

. It is no doubt true that earlier cases from this Court, and other courts throughout the country, found that the mere fact that one engaged in sexual activity while HIV positive constituted a means likely to cause death or grievous bodily harm. See, e.g., United States v. Joseph, 37 M.J. 392, 396 (C.M.A.1993); State v. Hinkhouse, 139 Or.App. 446, 912 P.2d 921, 924-25 (1996), modified by 140 Or.App. 574, 915 P.2d 489 (1996); Mathonican v. State, 194 S.W.3d 59, 69-70 (Tex. App.2006). There is at least a question whether traditional notions of aggravated assault comport with current scientific evidence regarding HIV and AIDS. See Zita Lazzarini et ah, Evaluating the Impact of Criminal Laws on HIV Risk Behavior, 30 J.L. Med. & Ethics 239, 242-43 (collecting HIV-specific statutes).